[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE DATED 11/23/94
The complaint alleges that defendant U.S. Ad Brokers, Inc. (a corporation with its principal place of business in New Jersey) was registered as a paid solicitor with the Department of Consumer Protection pursuant to General Statutes § 21a-190f(a), and that it entered into a contract with two charitable organizations in Connecticut whereby it would solicit funds for said organizations. The complaint further alleges that the defendant has violated several subsections of General Statutes § 21a-190f (Solicitation of Charitable Funds Act) by failing to disclose to persons making contributions that it was a paid solicitor. CT Page 2618
Defendant moves to strike several counts of the complaint which allege violations of the Connecticut Unfair Trade Practices Act (Conn. Gen. Stat. § 42-110a et seq., hereinafter "CUTPA"). Defendant claims that CUTPA does not apply to charitable organizations or, in the alternative, that CUTPA is unconstitutional because the phrase "unfair methods of competition and unfair or deceptive acts" is vague and overly broad.
The court holds that CUTPA does apply to the defendant in this action. The State alleges that the defendant, a commercial for-profit professional fund-raiser, violated the Solicitation of Charitable Funds Act and that defendant is a paid solicitor. Defendant argues that CUTPA does not apply to the defendant because it is not engaged in "trade" or "commerce." The court disagrees. "Trade" and "commerce" by definition includes "the distribution of any services . . . in this state." General Statutes § 42-110(a)(4). The defendant is a business which performs fund-raising services in this state as a registered paid solicitor. Paid solicitor is defined by General Statutes §21a-190a(7) as: "a person who for compensation . . . performs for a charitable organization any service in connection with which contributors are solicited by such person or by any person he directly or indirectly employs, procures or engages to solicit for such compensation . . ."
The defendant further argues that it is not engaged in "trade" or "commerce" because its clients are charitable organizations. The court disagrees. According to defendant's argument, if a non-profit organization is exempt from CUTPA so too is its fund-raiser even if the fund-raiser violates laws for which it alone is legally responsible. In any event, even if the defendant were a non-profit organization (which it clearly is not), the terms of CUTPA would apply. State, et al v. Cancer Fund of America. Inc.,et al, 1 Conn. L. Rptr. 311 (1990); Stamford Hospital v. RaffaellaFarenga, CV85 0079591 (Stamford/Norwalk Judicial District at Stamford 1987).
The defendant argues that CUTPA is unconstitutional as applied to this case. It claims that the speech of charitable organizations when engaged in the solicitation of funds is fully protected by the First amendment to the United States Constitution. It cites several cases for the proposition that CUTPA does not apply to not-for-profit organizations. However, the defendant in this case is not a non-profit organization. CT Page 2619
Defendant claims that CUTPA as applied to it is unconstitutionally vague or overbroad. The court does not believe that the terms of CUTPA are unconstitutionally vague or overbroad as interpreted by the courts. Our Supreme Court has provided specific definitions of "unfair" and "deceptive."
For "deceptive" the Connecticut Supreme Court has said: "`First, there must be a representation, omission, or other practice likely to mislead consumers. Second, the consumers must interpret the message reasonably under the circumstances. Third, the misleading representation, omission, or practice must be material — that is, likely to affect consumer decisions or conduct,'" quoting from Figgie International, Inc., 107 F.T.C. 313, 374 (1986). Caldor, Inc. v. Heslin, 215 Conn. 590, 597.
In Conaway v. Prestia, 191 Conn. 484, 492 the court offered this definition of "unfair":
 "(1) whether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers . . ." [citation committed].
The United States Supreme court has held that in assessing the vagueness of a statute, the defendant's conduct must be examined. "In determining the sufficiency of notice, a statute must of necessity be examined in the light of the conduct with which a defendant is charged." United States v. National Dairy ProductsCorp., 372 U.S. 29, 33 (1963). In the instant case, Conn. Gen. Stat. § 21a-190f(e) and (f) require a paid solicitor to disclose to potential contributors his name as on file with the Department of Consumer Protection and the fact that he is a paid solicitor. The statute is highly specific in what it requires.
The defendant's claim that CUTPA is vague should also be considered in light of the fact that a defendant may not challenge a statute for vagueness if his conduct is clearly proscribed by that statute. As the United States Supreme Court stated in Parker v. Levy, 417 U.S. 733, 756, "One to whose CT Page 2620 conduct a statute clearly applies may not challenge it for vagueness." This same principle was articulated in Broadrick v.Oklahoma, 413 U.S. 601, 608 (1977):
 "Moreover, even if the outermost boundaries of § 818 [the challenged statute] may be imprecise, any such uncertainty has little relevance here, where appellants' conduct falls squarely within the `hard-core'; of the statute's proscriptions . . ."
In U.S. v. Boffa, 513 F. Sup. 444 (1980), the defendants were charged with conspiracy to violate the Racketeer Influenced and Corrupt Organization Act ("RICO"). Among other things, the defendants claimed that RICO is unconstitutionally vague and overbroad and they argued that because RICO infringes upon freedom of association, the stricter First Amendment doctrine should be applied. The Court found that defendants who engage in activity which is clearly prohibited by the statute cannot invoke the First Amendment doctrine. In this case, given the specificity of the alleged statutory violation, it is difficult to see how the defendant can claim that he did not understand that the omission of certain required language would be "deceptive" or "unfair."
In summary, the court holds that CUTPA does apply to the defendant's alleged conduct. The defendant is not a charity but a for-profit business clearly engaged in "trade" or "commerce." Furthermore, charitable organizations are not exempt from CUTPA.
Frances Allen State Judge Referee CT Page 2621